# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HARMONY LICENSING LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MISSION COMMUNICATIONS, LLC,<br><br>*Defendant*. | No: 1:22-cv-01272-LMM<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

### DEFENDANT MISSION COMMUNICATIONS, LLC 'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Mission Communications, LLC ("Mission Communications") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Harmony Licensing LLC's ("Plaintiff" or "Harmony") Complaint. Mission Communications denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### NATURE OF THE ACTION

1. Mission Communications admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35

---

[1] For avoidance of doubt, Mission Communications denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

U.S.C. §§ 271, *et seq.*, and that Plaintiff purports to seek damages and injunctive relief. Mission Communications further admits that a purported copy of U.S. Patent No. RE42,219 (the "'219 patent") is attached to the Complaint as Exhibit A. Mission Communications denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Mission Communications denies any remaining allegations in Paragraph 1 of the Complaint.

## PARTIES

2. Mission Communications is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3. Mission Communications admits that it is a limited liability company organized under the laws of Georgia, having an address at 3170 Reps Miller Road – Suite 190, Norcross, Georgia 30071. Mission Communications further admits that it may be served with process c/o C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046-4805.

## JURISDICTION AND VENUE

4. Mission Communications admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq.*, but Mission Communications denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

5. Mission Communications admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but Mission Communications denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

6. Mission Communications does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. Mission Communications denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Mission Communications denies any remaining allegations in Paragraph 6 of the Complaint.

7. Mission Communications does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. Mission Communications denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Mission Communications denies any remaining allegations in Paragraph 7 of the Complaint.

8. Mission Communications does not contest venue in this district. Mission Communications denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

## FACTUAL ALLEGATIONS

9. Mission Communications admits that a purported copy of the '219 patent is attached to the Complaint as Exhibit A, and that the face of the patent

indicates that it is entitled "MULTIPLE-INPUT MULTIPLE-OUTPUT (MIMO) SPREAD SPECTRUM SYSTEM AND METHOD." Mission Communications is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies them.

10. Mission Communications is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11. Mission Communications is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12. Mission Communications denies that the claims of the '219 patent comprise any "invention," and on this basis, denies the allegations in Paragraph 12.

13. Mission Communications admits that the '219 patent speaks for itself, but denies any characterizations inconsistent therewith. Mission Communications denies any remaining allegations in Paragraph 13 of the Complaint.

14. Mission Communications denies the allegations in Paragraph 14 of the Complaint.

### DEFENDANT'S [ALLEGED] PRODUCT(S)

15. Mission Communications denies the allegations of Paragraph 15 of the Complaint.

16. Mission Communications denies the allegations presented in the claim charts attached in Exhibit B and referenced in Paragraph 16 of the Complaint.

17. Mission Communications denies the allegations in Paragraph 17 of the Complaint.

18. Mission Communications denies the allegations in Paragraph 18 of the Complaint.

19. Mission Communications denies the allegations in Paragraph 19 of the Complaint.

20. Mission Communications denies the allegations in Paragraph 20 of the Complaint.

21. Mission Communications denies the allegations in Paragraph 21 of the Complaint.

22. Mission Communications denies the allegations in Paragraph 22 of the Complaint.

23. Mission Communications denies the allegations in Paragraph 23 of the Complaint.

24. Mission Communications denies the allegations in Paragraph 24 of the Complaint.

25. Mission Communications denies the allegations in Paragraph 25 of the Complaint.

26. Mission Communications denies the allegations in Paragraph 26 of the Complaint.

27. Mission Communications denies the allegations in Paragraph 27 of the Complaint.

28. Mission Communications denies the allegations in Paragraph 28 of the Complaint.

29. Mission Communications denies the allegations in Paragraph 29 of the Complaint.

30. Mission Communications denies the allegations in Paragraph 30 of the Complaint.

## [ALLEGED] INFRINGEMENT OF THE PATENT-IN-SUIT

31. Mission Communications incorporates by reference each of its responses set forth in Paragraphs 1-30 above as if fully set forth herein.

32. Mission Communications denies the allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, Mission Communications denies the allegations in Paragraph 33 of the Complaint.

34. Mission Communications denies the allegations in Paragraph 34 of the Complaint.

35. Mission Communications denies the allegations in Paragraph 35 of the Complaint.

36. Mission Communications denies the allegations in Paragraph 36 of the Complaint.

37. Mission Communications denies the allegations in Paragraph 37 of the Complaint.

38. Mission Communications denies the allegations in Paragraph 38 of the Complaint.

39. Mission Communications denies the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 does not contain any allegations and therefore does not require a response. To the extent a response is required, Mission Communications denies those allegations.

## [PLAINTIFF'S] JURY DEMAND

41. Plaintiff's Jury Demand does not contain any allegations and therefore does not require a response. To the extent a response is required, Mission Communications denies those allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Mission Communications denies that Plaintiff is entitled to any judgment against Mission

Communications and/or an order granting relief in any of the forms requested in parts a-g.

## MISSION COMMUNICATIONS' AFFIRMATIVE DEFENSES

In addition to answering the Complaint, Mission Communications asserts the following affirmative defenses. Mission Communications reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

Mission Communications has not infringed and does not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly (whether individually or jointly), or indirectly (whether contributorily or by inducement), any valid, enforceable claim of U.S. Patent No. RE42,219.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '219 patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '219 patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Mission Communications' actions

allegedly infringe the '219 patent, Mission Communications is not liable to Plaintiff for the acts alleged to have been performed before Mission Communications received actual notice that it was allegedly infringing the '219 patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Mission Communications indirectly infringes, either by contributory infringement or inducement of infringement, Mission Communications is not liable to Plaintiff for the acts alleged to have been performed before Mission Communications knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the '219 patent do not claim patent eligible subject matter under 35 U.S.C. § 101.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by Mission Communications performs: (1) "receiving data having symbols, with the data having symbols demultiplexed into a plurality of subchannels of data, with the plurality of subchannels of data spread-spectrum processed with a plurality of chip-sequence signals, respectively, with each

chip-sequence signal different from other chip-sequence signals in the plurality of chip-sequence signals, thereby generating a plurality of spread-spectrum subchannel signals, respectively, with the plurality of spread-spectrum-subchannel signals radiated, using radio waves, from a plurality of antennas as a plurality of spread spectrum signals, respectively, with the plurality of spread spectrum signals passing through a communications channel having multipath, thereby generating, from the plurality of spread-spectrum signals, at least a first spread-spectrum signal having a first channel of data arriving from a first path of the multipath, and a second spread-spectrum signal having a second channel of data arriving from a second path of the multipath," (2) "receiving the first spread-spectrum signal and the second spread-spectrum signal with a plurality of receiver antennas," (3) "detecting, at each receiver antenna of the plurality of receiver antennas, the first spread-spectrum signal as a first plurality of detected spread-spectrum signals, respectively," (4) "detecting, at each receiver antenna of the plurality of receiver antennas, the second spread-spectrum signal as a second plurality of detected spread-spectrum signals, respectively," (5) "combining, from each receiver antenna of the plurality of receiver antennas, each of the first plurality of detected spread-spectrum signals, thereby generating a first combined signal," and (6) "combining, from each receiver antenna of the plurality of receiver antennas, each of the second plurality of detected spread-

spectrum signals, thereby generating a second combined signal," as required by at least Claim 1 of the '219 patent.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Mission Communications infringes under a theory of joint infringement, Mission Communications is not liable to Plaintiff. Mission Communications does not provide or perform each element of any claim of the '219 patent, and any actions of third parties accused by Plaintiff are not attributable to Mission Communications.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '219 patent against Mission Communications is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the '219 patent and/or

applications related thereto, from asserting any interpretations of any valid, enforceable claims of the '219 patent that would be broad enough to cover any activity of Mission Communications, either literally or by application of the doctrine of equivalents.

## MISSION COMMUNICATIONS' COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Harmony Licensing LLC ("Harmony"), Counterclaim Plaintiff Mission Communications, LLC ("Mission Communications") alleges as follows:

## PARTIES

1. Mission Communications is a limited liability company organized under the laws of Georgia, with a business address located at 3170 Reps Miller Road – Suite 190, Norcross, Georgia 30071.

2. Upon information and belief based solely on paragraph 2 of the Complaint as pled by Plaintiff, Harmony is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business at 5570 FM 423 – Suite 250-2066, Frisco, Texas 75034.

## JURISDICTION

3. Mission Communications incorporates by reference paragraphs 1-2 above.

4.  These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.  Harmony has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.  Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

**COUNT I: DECLARATION REGARDING
NON-INFRINGEMENT OF U.S. PAT. NO. RE42,219**

7.  Mission Communications incorporates by reference paragraphs 1-6 above.

8.  Based on the filing of this action and at least Mission Communications' first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Mission Communications infringes U.S. Patent No. RE42,219 (the "'219 patent").

9.  Mission Communications does not infringe at least Claims 1, 12, 23, or 24 of the '219 patent because, *inter alia*, the accused system does not: (1) "receiv[e] data having symbols, with the data having symbols demultiplexed into a plurality of subchannels of data, with the plurality of subchannels of data spread-spectrum processed with a plurality of chip-sequence signals, respectively, with each chip-

sequence signal different from other chip-sequence signals in the plurality of chip-sequence signals, thereby generating a plurality of spread-spectrum subchannel signals, respectively, with the plurality of spread-spectrum-subchannel signals radiated, using radio waves, from a plurality of antennas as a plurality of spread spectrum signals, respectively, with the plurality of spread spectrum signals passing through a communications channel having multipath, thereby generating, from the plurality of spread-spectrum signals, at least a first spread-spectrum signal having a first channel of data arriving from a first path of the multipath, and a second spread-spectrum signal having a second channel of data arriving from a second path of the multipath," (2) "receiv[e] the first spread-spectrum signal and the second spread-spectrum signal with a plurality of receiver antennas," (3) "detect[], at each receiver antenna of the plurality of receiver antennas, the first spread-spectrum signal as a first plurality of detected spread-spectrum signals, respectively," (4) "detect[], at each receiver antenna of the plurality of receiver antennas, the second spread-spectrum signal as a second plurality of detected spread-spectrum signals, respectively," (5) "combin[e], from each receiver antenna of the plurality of receiver antennas, each of the first plurality of detected spread-spectrum signals, thereby generating a first combined signal," and (6) "combin[e], from each receiver antenna of the plurality of receiver antennas, each of the second plurality of detected spread-spectrum signals, thereby generating a second combined signal."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Mission Communications requests a declaration by the Court that Mission Communications has not infringed and does not infringe any claim of the '219 patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

### COUNT II: DECLARATION REGARDING INVALIDITY OF U.S. PAT. NO. RE42,219

11. Mission Communications incorporates by reference paragraphs 1-10 above.

12. Based on the filing of this action and at least Mission Communications' second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '219 patent.

13. The claims of the '219 patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 7,519,098, 7,606,575, and 8,032,153. Mission Communications reserves the right to assert additional prior art and/or other invalidity defenses against the '219 patent in accordance with the Court's Local Patent Rules.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Mission Communications requests a declaration by the Court that claims of the '219 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, Mission Communications asks this Court to enter judgment in Mission Communications' favor and against Harmony by granting the following relief:

a) a declaration that the '219 patent is invalid;

b) a declaration that Mission Communications does not infringe, under any theory, any valid claim of the '219 patent that may be enforceable;

c) a declaration that Harmony take nothing by its Complaint;

d) judgment against Harmony and in favor of Mission Communications;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Mission Communications of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mission Communications requests a trial by jury on all issues so triable.

Dated:  April 27, 2022

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Lawrence R. Jarvis*
    Lawrence R. Jarvis
    Georgia Bar No. 102116
    1180 Peachtree Street NE, 21st Floor
    Atlanta, GA 30309
    (404) 892-5005 (Telephone)
    (404) 892-5002 (Facsimile)
    jarvis@fr.com

    Neil J. McNabnay
    Ricardo J. Bonilla
    Michael A. Vincent
    Adil A. Shaikh
    1717 Main Street, Suite 5000
    Dallas, Texas  75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)
    mcnabnay@fr.com
    rbonilla@fr.com
    vincent@fr.com
    shaikh@fr.com

    ***ATTORNEYS FOR DEFENDANT MISSION COMMUNICATIONS, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I have electronically filed the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**, with the Clerk of Court using the CM/ECF Systems, which will automatically send e-mail notification of such filing to the following attorney of record:

> Andrew S. Curfman
> SAND, SEBOLT & WERNOW CO., LPA
> Aegis Tower – Suite 1100
> 4940 Munson Street NW
> Canton, Ohio 44718
> Telephone: (330) 244-1174
> Facsimile: (330) 244-1173
> Email: andrew.curfman@sswip.com
>
> Cortney S. Alexander
> (GA Bar 142690)
> 5755 North Point Pkwy – Suite 57
> Alpharetta, Georgia 30022
> Telephone: (404) 855-3867
> Facsimile: (770) 462-3299
> Email: cortneyalexander@kentrisley.com

*/s/ Lawrence R. Jarvis*
Lawrence R. Jarvis

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1**

I hereby certify that the foregoing document is written in 14 point Times New Roman font in accordance with Local Rule 5.1.

                                             */s/ Lawrence R. Jarvis*
                                             Lawrence R. Jarvis
                                             Georgia Bar No. 102116